FILED

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

98 SEP 30 PM 12: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

JACKIE L. GRAY,                    }
                                   }
      Plaintiff,                   }
                                   }
v.                                 }          CASE NO. CV 97-B-1391-S
                                   }
STATE OF ALABAMA, STATE            }
MILITARY DEPARTMENT,               }
                                   }
      Defendants.                  }

ENTERED

OCT 0 1 1998

## <u>MEMORANDUM OPINION</u>

    This case is before the court on the Defendant's Motion for Summary Judgment, and upon
the Plaintiff's Motion for Judgment on the pleadings.  Upon consideration of the record, the
submissions of the parties, and the relevant law, the court is of the opinion that the defendant's
motion is due to be granted and the plaintiff's motion is due to be denied

## I. FACTUAL SUMMARY

    This dispute arises out of the termination of Jackie L.Gray (hereinafter "plaintiff") from his
job as a painter with Pizza Hut.  The plaintiff alleges that he was discriminated against in violation
of Title VII of the 1964 Civil Rights Act.  Plaintiff was hired by the defendant in July of 1979.
(Pl.'s Am. Compl. ¶ 8A).  Plaintiff alleges that he was informed by letter that he would be
discharged from his position effective October 25, 1996. (*Id.*).  The plaintiff states that he was
informed that his discharge was due to his allegedly sleeping during work hours, poor job
performance, and problems with attendance. (*Id.* at ¶ 8B).

1



The State Military Department, in the termination letter sent to the plaintiff, stated that that the plaintiff's unexcused absences and tardiness to work coupled with the disregard he exhibited for accepted practices and departmental policy were the reasons for his termination. (*See* Def. Evidentiary Submission D). The State of Alabama Personnel Board affirmed the agency decision to terminate Gray due to his absences. (*See* Def. Evidentiary Submission K- L). Gray was found to have failed to come to work for 408 hours out of approximately 1,150 hours without an excuse. (*See* Def. Evid. Sub.'s A-D, K-L).

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The movant can meet this burden by presenting evidence showing that there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of her case on which she bears the ultimate burden of proof. *Celotex,* 477 U.S. at 322-23; *see* Fed. R. Civ. P. 56(a) and (b).  Once the moving party has met its burden, Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response. . . must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Applying the standards governing summary judgment to the facts of this case, the court concludes

that there is no genuine issue as to any material fact, and defendants are entitled to a judgment as a matter of law.

## III. DISCUSSION

In the present action, the court's analysis is governed by the familiar, tripartite framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and later refined in *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981). Under this framework, the plaintiff bears the initial burden of establishing a prima facie case of discrimination. *Burdine*, 450 U.S. at 252-53. If the plaintiff successfully establishes a prima facie case, the burden of production shifts to the defendant "to articulate a legitimate, nondiscriminatory reason" for the employment action. *McDonnell Douglas*, 411 U.S. at 802. If the defendant succeeds in carrying this burden, then the plaintiff must prove that the defendant's articulated reasons are a mere pretext for unlawful motives (i.e., race discrimination or retaliation). *Burdine*, 450 U.S. at 253. A plaintiff's prima facie case coupled with sufficient evidence to allow a factfinder to disbelieve the employer's proffered explanation for its actions is enough to preclude entry of judgment as a matter of law. *See Combs v. Plantation Patterns*, 106 F.3d 1519, 1529 (11th Cir. 1997); *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1207 (11th Cir. 1997). At all times, the plaintiff bears the burden of persuasion on the ultimate question of whether the defendant acted with an unlawful motive. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993).

To establish a prima facie case of discriminatory discrimination based on race the plaintiff must prove that: (1) he is a member of a protected minority; (2) he was qualified for the position from which he was discharged; (3) that he was discharged; and (4) his former position was filled

3

by a non-minority. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1521 (11th Cir. 1995)
(citing *Jones v. Lumberjack Meats, Inc.*, 680 F.2d 98, 101 (11th Cir. 1982))

      The plaintiff did not specifically address the elements of the prima facie case for
discriminatory discharge in his brief. Nevertheless, the court will try to assess the arguments
plaintiff did present in the light most favorable to him. Plaintiff is a member of a protected
minority, as he is African-American. Furthermore, the plaintiff was terminated. Plaintiff has
failed to state that he was qualified for the job, but assuming that he was based on his past job
experience, he has still failed to show that his former position was filed by a non-minority.

      As evidence in support of his opposition to the defendant's motion for summary judgment,
the plaintiff produced records from his "Request for Oral Arguments and Written Exception to
the State of Alabama Personnel Board" and two affidavits of former co-workers. (*See* Pl.'s Resp.
to Def. M. Summ. J. Ex. 1; Pl.'s Mot. for J. on Pleadings). None of the items produced by the
plaintiff state that a non-minority person was treated more favorably than the plaintiff.
Furthermore, the plaintiff does not even make the claim in his Amended Complaint that a non-
minority filled his former position. Plaintiff did submit documents to the court in opposition to
the defendant's motion for summary judgment outlining in detail the reasons plaintiff felt that the
State of Alabama's personnel board should retract his termination, and why this court should not
grant summary judgment on the race discrimination claim. Nowhere among the documents
submitted does the plaintiff allege or mention race discrimination as a possible reason for the
dismissal, or as a reason that he should be allowed to return to his former position. (*See* Pl.'s Ex.
1). Instead, plaintiff repeatedly claims that alcoholism was the reason for his termination, and that
the state should return him to his job because his supervisors did not refer him for help under the

4

Employee Assistance Program. (*See* Pl.'s Ex. 1 at 11). Plaintiff's evidence fails to establish a prima facie case for race discrimination with regard to his termination.

Assuming that plaintiff had established a prima facie case, defendant has articulated several legitimate, nondiscriminatory reasons for plaintiff's discharge: plaintiff had numerous, unauthorized absences during the period from December 1, 1995 to June 21, 1996; that is he failed to come to work for 408 hours out of approximately 1,150 hours, without excuse. Additional nondiscriminatory reasons for plaintiff's discharge include charges that he failed to perform to established standards and slept during work hours. (*See* Def. Evid. Sub. D).

Plaintiff has not put forth any evidence on which a reasonable jury could conclude that the reasons articulated by the defendant for its actions were pretext for illegal race discrimination. Accordingly defendants are entitled to judgment as a matter of law. Plaintiff has not only failed to meet his burden "to go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial,'" *Celotex,* 477 U.S. at 324, but also, and most importantly, the facts and law applicable to this case warrant a grant of summary judgment for defendants.

### III. CONCLUSION

For the foregoing reasons, the court is of the opinion that the defendants' motion for summary judgment is due to be granted, and the plaintiff's motion for judgment on the pleadings is due to be denied.

**DONE** this 30th day of September, 1998.

Sharon Lovelace Blackburn
**SHARON LOVELACE BLACKBURN**
United States District Judge

5